19-2866
Hernandez Ojeda v. Garland

BIA
Ruehle, IJ
A205 152 906

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:
>    RAYMOND J. LOHIER, JR.,
>    WILLIAM J. NARDINI,
>    STEVEN J. MENASHI,
>        *Circuit Judges.*

_____

JOSE CARMELO HERNANDEZ OJEDA,
>    *Petitioner,*

>    v.                                19-2866
>                                      NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:              Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT:              Joseph H. Hunt, Assistant Attorney
                             General; Derek C. Julius,
                             Assistant Director; Zoe J. Heller,
                             Senior Litigation Counsel, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Carmelo Hernandez Ojeda, a native and citizen of Mexico, seeks review of an August 7, 2019 decision of the BIA affirming a February 12, 2018 decision of an Immigration Judge ("IJ"), which denied his motions to suppress evidence of his alienage and to accept his untimely filing of his application for asylum, withholding of removal, and protection under the Convention Against Torture. *In re Jose Carmelo Hernandez Ojeda,* No. A 205 152 906 (B.I.A. Aug. 7, 2019), *aff'g* No. A 205 152 906 (Immig. Ct. Buffalo Feb. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA affirmed the IJ's decisions without opinion, we review the IJ's decisions as the final agency determinations. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review factual findings for substantial evidence and questions of law de novo. *See Almeida-Amaral v.*

*Gonzales*, 461 F.3d 231, 233-34 (2d Cir. 2006).

**I.    Motion to Suppress**

We find no error in the IJ's denial of Hernandez Ojeda's motion to suppress.  Hernandez Ojeda asserted that the Form I-213 documenting his admission of Mexican citizenship should be suppressed because his statements were obtained following a racially motivated arrest in violation of the Fourth Amendment.  Exclusion of evidence is warranted only "if record evidence established either (a) that an egregious violation that was fundamentally unfair had occurred, or (b) that the violation-regardless of its egregiousness or unfairness-undermined the reliability of the evidence in dispute."  *Id.* at 235.  Because Hernandez Ojeda did not argue that the evidence was unreliable, the issue before us is whether there was an egregious violation of his rights under the Fourth Amendment.  We find no error in the IJ's conclusion that Hernandez Ojeda failed to meet his burden of making a prima facie showing of an egregious violation.  *See Cotzojay v. Holder*, 725 F.3d 172, 178 (2d Cir. 2013) (placing initial burden on petitioner to "establish[] a *prima facie* case").

"[T]he egregiousness of a constitutional violation

3

cannot be gauged solely on the basis of the validity . . . of the stop, but must also be based on the characteristics and severity of the offending conduct," and "even where the seizure is not especially severe, it may nevertheless qualify as an egregious violation if the stop was based on race (or some other grossly improper consideration)." *Almeida-Amaral*, 461 F.3d at 235. The information in the record about the events of the stop, arrest, and detention is limited. Hernandez Ojeda's affidavit generally alleges that border patrol agents stopped him and his brother while they were walking down a street in Latham, New York and conversing in Spanish; the agents spoke to them in English, which Hernandez Ojeda and his brother did not understand; then the agents asked them in Spanish for identification papers; more agents arrived; and Hernandez Ojeda and his brother were waiting for approximately one hour and, at some point, were handcuffed and detained for further questioning. But Hernandez Ojeda's affidavit does not assert that the stop was racially motivated or identify how he responded to the question about identification or what other questions were asked. Nor does he dispute the statement in the I-213 that he was

4

"encountered" by agents assisting a DHS investigation at his address "during the execution of a controlled delivery and subsequent search warrant." CAR 201.

His speculation that the stop was racially motivated is not enough to show egregiousness. *See Almeida-Amaral*, 461 F.3d at 236-37. The stop in this case is not distinguishable from the stop at issue in *Almeida-Amaral*, which involved an officer yelling stop at three individuals walking into a gas station late at night within 35 or 85 miles of the Mexican border and then asking them for identification. *Id.* at 236. We noted there that, had the officer not yelled stop, "asking petitioner for identification would probably not have been a seizure at all." *Id.* at 237. The circumstances described in Hernandez Ojeda's affidavit—a stop asking for identification—are not alone sufficiently severe to be deemed egregious. *See id.* (rejecting suppression claim where the applicant "offer[ed] nothing other than his own intuition to show that race played a part in the arresting agent's decision").

## II. Motion to Accept Untimely Filing

We find no abuse of discretion in the IJ's decision

5

declining to accept Hernandez Ojeda's untimely application for relief from removal. *See Dedji v. Mukasey*, 525 F.3d 187, 191–92 (2d Cir. 2008) (reviewing IJ's decision to set and enforce deadlines for abuse of discretion). An abuse of discretion occurs when the IJ's decision "rests on an error of law . . . a clearly erroneous fact finding or . . . cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006) (quotation marks omitted) (noting that "IJs are accorded wide latitude in calendar management, and we will not micromanage their scheduling decisions").

There was no error of fact or law here. "The [IJ] may set and extend time limits for the filing of applications and related documents and responses" and "[i]f an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(h). The IJ set a September 2017 deadline for the application, and counsel agreed to that date. But the application was not filed until the day of the hearing, five months later. The IJ's denial of counsel's oral motion at the February 2018 hearing to

6

accept the late filing was not an abuse of discretion because it was not based on legal or factual error. *See Morgan*, 445 F.3d at 551–52. While the IJ had the discretion to grant an extension of the filing deadline, the Immigration Court Practice manual provides that such motions "should be filed as early as possible, and must be received by the original filing deadline." Immig. Ct. Practice Manual, Chapter 3.1(c)(iv)(B).[1] Moreover, Hernandez Ojeda's counsel conceded that the filing was untimely and explained that he had believed that a former associate had filed the application. Although counsel alleged that he had tried to ascertain whether the application had been filed, he did not identify what steps he took, when he learned of the problem, or why a motion was not filed prior to the merits hearing. On this record and given the IJ's authority to set and enforce deadlines, Hernandez Ojeda has not shown that the IJ abused his discretion in finding that there was not good cause to extend the deadline. *See Dedji*, 525 F.3d at 191.

For the foregoing reasons, the petition for review is

---

[1] The practice manual in effect at the time of the IJ's decision is available at:
https://www.justice.gov/sites/default/files/pages/attachments/2017/11/02/practicemanual.pdf.

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court

8